IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CLARENCE JOHNSON, JR.**                                                                        **PLAINTIFF**

**V.**                                                          **NO. 4:18-CV-214-DMB-JMV**

**ALLEGIANCE SPECIALITY HOSPITAL**                                 **DEFENDANT**
**OF GREENVILLE, LLC**

## ORDER

Before the Court is Allegiance Specialty[1] Hospital of Greenville, LLC's, motion to dismiss. Doc. #3.

### I
### Procedural History

On October 5, 2018, Clarence Johnson, Jr. filed a complaint in the Circuit Court of Washington County, Mississippi, against Allegiance Specialty Hospital of Greenville, LLC, asserting claims for wrongful termination, intentional infliction of emotional distress, reckless infliction of emotional distress, negligent infliction of emotional distress, and negligence[2] related to the termination of his employment with Allegiance. Doc. #2 at 7–9. On November 1, 2018, Allegiance, relying on diversity jurisdiction, removed the state court action to the United States District Court for the Northern District of Mississippi. Doc. #1 at 1-2. The next day, Allegiance filed a motion to dismiss all of Johnson's claims for failure to state a claim upon which relief can

---

[1] The caption of the original complaint and the caption of the amended complaint use "Speciality" instead of "Specialty." As to the caption of this order, the Court uses the spelling of the complaints. But, because the defendant has used "Specialty" in all of its filings, the Court uses "Specialty" in the body of this order.

[2] Johnson's negligence claim appeared to be pleaded in the "Damages" section of the complaint. Doc. #2 at 9.

be granted.³ Doc. #3. Johnson filed an untimely response opposing the motion on December 6, 2018. Doc. #11.

On February 28, 2019, Johnson moved to amend the complaint. Doc. #20. United States Magistrate Judge Jane M. Virden granted the motion to amend on April 12, 2019. Doc. #25. On April 22, 2019, Johnson filed an amended complaint against Allegiance.⁴ Doc. #26. The amended complaint dropped the reckless infliction of emotional distress, negligent infliction of emotional distress, and negligence claims. The amended complaint also added a breach of contract claim as well as Title VII claims for hostile work environment and wrongful termination based on race. *Id.* at 5–7, 8–11. Allegiance filed an answer to the amended complaint on May 7, 2019.⁵ Doc. #27.

## II
## Analysis

As a general rule, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, the filing of an amended complaint will ordinarily moot a pending motion to dismiss unless the amended complaint "on its face" fails to address the alleged defects identified in the motion to dismiss. *See McIntyre v. City of Rochester*, 228 F. Supp. 3d 241, 241–42 (W.D.N.Y. 2017) (finding motion to dismiss moot where "[a]t least on its face, the amended complaint appears to

---

³ The motion states it was filed "pursuant to Rule 12(b) of the Mississippi Rules of Civil Procedure." Doc. #3 at 1. The accompanying memorandum states dismissal is sought "pursuant to Rule 12(b) of the Federal Rules of Civil Procedure." Doc. #4 at 1. The same day it filed the motion to dismiss, Allegiance also filed a separate answer. Doc. #5.

⁴ Judge Virden's April 12 order mandated that Johnson file his amended complaint within three days of its entry. Doc. #25 at 3. Johnson did not do so. However, Allegiance answered the amended complaint and has not raised the issue of timeliness. Doc. #27. Moreover, Johnson has not been required to show cause for his failure to comply with the April 12 order.

⁵ The answer includes a motion to dismiss all claims. Doc. #27 at 1. Pursuant to Local Rule 7(b)(2)(A), this Court "will not recognize a motion included within the body of the answer, but only those raised by a separate filing."

2

address those alleged defects" identified by motion to dismiss); *Polk v. Psychiatric Prof'l Servs., Inc.*, No. 09–CV–799, 2010 WL 1908252, at *2 (S.D. Ohio Mar. 29, 2010) ("[W]hen a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss.").

Johnson filed his amended complaint after Allegiance filed its motion to dismiss. The amended complaint, on its face, appears to address the defects identified in the motion to dismiss as to the claims for wrongful termination and intentional infliction of emotional distress. *See* Doc. #26 at 4–5, 7–8. Consequently, Johnson's amended complaint superseded his original complaint and rendered the original complaint of no legal effect. For this reason, Allegiance's motion to dismiss [3] is **DENIED as moot**.

**SO ORDERED**, this 13th day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**